IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



DANIEL T. PARDEE, JR.,

    Plaintiff,

v.                                                          Civil Action No. 3:13CV703

CONMED HEALTHCARE MANAGEMENT, INC., *et al.*,

    Defendants.

## MEMORANDUM OPINION

Daniel T. Pardee, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is proceeding on Pardee's Particularized Complaint ("Complaint," ECF No. 14) wherein Pardee contends that he failed to receive adequate medical care while housed at the Virginia Beach City Jail. Pardee names as defendants: Conmed Healthcare Management, Inc. ("Conmed"); Dr. A. Jamaludeen ("Dr. Jamaludeen"); Catherine Cartwright, P.A., ("P.A. Cartwright") and Dr. Carter[2] as defendants. Conmed, Dr. Jamaludeen, and P.A. Cartwright (collectively, "Defendants") have moved to dismiss the Complaint. (ECF Nos. 22, 27.) For the reasons stated below, the Court will DENY the Motions to Dismiss.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Pardee has yet to serve Dr. Carter. The Court has issued a separating Memorandum Order directing Pardee to show good cause for his failure to timely serve Dr. Carter.

## I. STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.*

2

*DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In January of 2013, while Pardee was housed in the Virginia Beach City Jail, Dr. Jamaludeen saw Pardee in order to address Pardee's concerns relative to: pain in Pardee's right side and abdomen; fatigue; loss of appetite; nausea; and, Pardee's past history as an intravenous drug abuser. (Compl. ¶¶ 7, 8.) Dr. Jamaludeen had a nurse draw Pardee's blood to test Pardee for HIV and Hepatitis C.[3] (*Id.* ¶ 8.)

> On February 8, 2013, P.A. Cartwright informed Pardee that:
>
> he was negative [for] HIV and positive for the antibody for Hepatitis C. P.A. Cartwright further explained that the positive test result didn't mean that he in fact did have Hepatitis C. Just that he had been exposed to the virus at some point. That in order to truly know what was going on further testing, and a visit to a gastroenterologist would be necessary.

(*Id.* ¶ 9.) P.A. Cartwright further informed Pardee that the Jail would not send Pardee for further testing or a gastroenterologist because Pardee had not been sentenced. (*Id.*) P.A. Cartwright told Pardee to come back to the medical department after his sentencing. (*Id.*)

---

[3] "Hepatitis C [is] a chronic viral liver disease that can increase the risk of liver cancer and can lead to inflammation, scarring, and cirrhosis of the liver. Cirrhosis ultimately can lead to liver failure and death." *Pabon v. Wright*, 459 F.3d 241, 246 (2d Cir. 2006).

Pardee again mentioned his complaints of pain in his right side and abdomen, fatigue, loss of appetite, and nausea. (*Id.*) "No treatment was perscribed [sic] for the above mentioned ailments." (*Id.*)

In June of 2013, Pardee "resolved his last court case" and "then had an active sentence of two years, and was a state inmate being housed in a city jail." (*Id.* ¶ 10.)

At the end of June 2013, P.A. Cartwright examined Pardee again with respect to Pardee's complaints of pain in his right side and abdomen, fatigue, loss of appetite, and nausea. (*Id.* ¶ 11.) These complaints were now "accompanied by cloudy urine." (*Id.*) P.A. Cartwright prescribed an antibiotic for the cloudy urine and provided no treatment for Pardee's other ailments. (*Id.*) Pardee asked about further testing or treatment. (*Id.*) P.A. Cartwright informed Pardee that the jail/Conmed does not treat Hepatitis C. (*Id.*) Pardee asked about arranging his transfer to a state correctional facility. (*Id.*) P.A. Cartwright stated that "she would take it to the roundtable meeting for discussion." (*Id.*)

In response to a grievance filed by Pardee, Dr. Jamaludeen examined Pardee in August of 2013. (*Id.* ¶ 13.) Pardee informed Dr. Jamaludeen that he continued to experience pain in his right side and abdomen, fatigue, loss of appetite, and nausea. (*Id.* ¶ 13.) Pardee also informed Dr. Jamaludeen that he was experiencing anxiety from concern about how the Hepatitis C virus was affecting his body. (*Id.*) Dr. Jamaludeen ordered blood work "to observe Plaintiff's liver function." (*Id.* (punctuation corrected).)

On September 12, 2013, Dr. Jamaludeen saw Pardee to explain the results of the blood work. (*Id.* ¶ 14.) Dr. Jamaludeen said that Pardee's liver enzymes were normal. (*Id.*) Nevertheless, Dr. Jamaludeen "said in order to truly know [the impact of Hepatitis C on a person,] a viral load test and liver biopsy would need to be ordered." (*Id.*) Dr. Jamaludeen

further stated these tests would not be run "because of the cost and the policy of the jail/Conmed to not treat Hepatitis C." (*Id.*)

In the ensuing months, Pardee continued to complain to a nurse in his housing unit about the pain in his right side and abdomen, fatigue, loss of appetite, and nausea. (*Id.* ¶ 16.) "No treatment [was] perscribed [sic] . . . ." (*Id.*)

On March 14, 2014, P.A. Cartwright again saw Pardee in conjunction with the ailments described above. (*Id.* ¶ 18.) P.A. Cartwright "ordered that blood be drawn again to check [Pardee's] liver enzymes. No other treatment [was] prescribed." (*Id.*)

On April 7, 2014, Dr. Carter reviewed the results of Pardee's bloodwork with Pardee. (*Id.* ¶ 24.) Dr. Carter informed Pardee "that his liver function was fine, and that [neither] a viral load test nor liver biopsy would be ordered." (*Id.*) Pardee told Dr. Carter about the pain in his right side and abdomen, fatigue, loss of appetite, nausea, and anxiety. (*Id.*) Dr. Carter examined Pardee, but declined to order further testing or any treatment. (*Id.*)

Pardee demands monetary damages and declaratory and injunctive relief. (*Id.* ¶¶ 33–39.)

### III. PARDEE'S CLAIMS

Fairly read, Pardee raises the following claims against Defendants:

Claim 1   In violation of Pardee's Eighth Amendment[4] rights, Defendants failed to provide further testing or treatment after Pardee tested positive for the antibodies associated with Hepatitis C.

Claim 2   Dr. Jamaludeen and P.A. Cartwright acted with deliberate indifference to Pardee's complaints of pain in his right side and abdomen, fatigue, loss of appetite, and nausea.

On September 2, 2014, Pardee was moved from the Virginia Beach City Jail to the Southampton Detention Center. (ECF No. 29, at 2.) "[A]s a general rule, a prisoner's

---

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

5

transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citations omitted). Accordingly, Pardee's transfer moots his demands for declaratory and injunctive relief and such demands will be DISMISSED.

## IV. STANDARD FOR AN EIGHTH AMENDMENT CLAIM

To make out an Eighth Amendment claim, an inmate must allege facts that indicate "(1) that objectively the deprivation suffered or harm inflicted was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

In order to state an Eighth Amendment claim for denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that

6

prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson*, 503 U.S. at 9 (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle*, 429 U.S. at 105–06).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

## V. DEFENDANTS' ARGUMENTS FOR DISMISSAL

Defendants argue that Pardee's claims should be dismissed because: (1) Pardee fails to allege facts that suggest the presence of Hepatitis C antibodies constitute a serious medical need; (2) Pardee fails to allege facts that suggest they acted with deliberate indifference towards his Hepatitis C condition; (3) Pardee fails to allege that he sustained a compensable injury as a result of Defendants' actions; and, (4) Pardee fails to allege that he was deprived of treatment due to some policy of Conmed.

### A.    Defendants' Misstatement Regarding Pardee's Hepatitis C Condition

Defendants contend that:

> Plaintiff's own allegations make clear, he could not have been experiencing symptoms of Hepatitis C *as he did not have Hepatitis C*. The symptoms of which he complained existed before his initial test showing that he did not have Hepatitis C, only the antibodies, and they are not alleged to have changed over the months that followed.

(Cartwright & Jamaludeen Mem. Supp. Mot. Dismiss 2, ECF No. 28; Conmed Mem. Supp. Mot. Dismiss 2, ECF No. 23.) Contrary to Defendants' assertion, nowhere in the Complaint does Pardee state that he did not have Hepatitis C. Moreover, Defendants fail to direct the Court to any authority that suggests the presence of the Hepatitis C antibodies indicates that Pardee does not have Hepatitis C.[5]

---

[5] Indeed, the opposite appears to be true. "A Reactive or a positive Hepatitis C antibody test result means that Hepatitis C antibodies were found in the blood and a person has been infected with the Hepatitis C virus at some point in time." Ctrs. for Disease Control and Prevention, *Hepatis C and Baby Boomers (1945–1965)*, http://www.cdc.gov/knowmorehepatitis/learnmore.htm (last updated Jan. 27, 2015 (emphasis omitted). Furthermore, many of the ailments of which Pardee complains are consistent with Hepatitis C. *Id.* ("When symptoms do appear, they often are a sign of advanced liver disease. Symptoms of Hepatitis C can include: . . . fatigue, loss of appetite, nausea, vomiting, abdominal pain, dark urine, grey-colored stools, joint pain and/or jaundice.").

8

Considered in the light most favorable to Pardee, the Complaint indicates that Pardee suffers from Hepatitis C. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Hepatitis C constitutes a serious medical need. *See Loeber v. Andem*, 487 F. App'x 548, 549 (11th Cir. 2012) ("That Hepatitis C presents a serious medical need is undisputed." (citing *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004))). Accordingly, the Court rejects Defendants' contention that Pardee's Hepatitis C condition fails to constitute an objectively sufficient medical condition to support an Eighth Amendment claim.

### B. The Contention of Jamaludeen and Cartwright that Pardee fails to Allege Facts that Indicate They Acted with Deliberate Indifference with Respect to His Hepatitis C

Defendants contend that they did not act with deliberate indifference because they ordered blood tests to monitor Pardee's liver enzymes and their decision to decline to order further tests or treatment constitutes a medical judgment, which fails to support an Eighth Amendment claim.

"The fact that [Defendants Jamaludeen and Cartwright] provided [Pardee] with some medical care does not by itself extinguish [Pardee's] constitutional claims based on inadequate medical care." *Daniels v. Caldwell*, No. 3:11CV461, 2013 WL 85165, at *4 (E.D. Va. Jan. 7, 2013) (citing *Hunt v. Upoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). Generally, "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Nevertheless, "[w]hether a course of treatment was the product of sound medical judgment, negligence, or deliberate indifference depends on the facts of the case." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Here, the Complaint indicates the limitation of further testing or treatment for Pardee's Hepatitis C was driven not by medical

9

judgment, but by Conmed's policy of not treating Hepatitis C. *See id.* at 704 (reversing grant of a motion to dismiss where dentists recommended extractions rather than fillings "not on the basis of their medical views, but because of monetary incentives"). Specifically, Pardee alleges Dr. Jamaludeen knew that, although Pardee's liver enzymes tested normal, that result failed to demonstrate that Hepatitis C did not pose a threat to Pardee's heath. (Compl. ¶ 14.) Dr. Jamaludeen acknowledged that, to truly know the status of the disease, they would have to conduct a "viral load test and liver biopsy," but such tests would not be conducted "because of the costs and the policy of the jail/Conmed to not treat Hepatitis C." (*Id.*) Similarly, the Complaint reflects that P.A. Cartwright's refused to send Pardee for testing for his Hepatitis C condition because, as a policy matter, the jail/Conmed does not treat Hepatitis C. (*Id.* ¶ 11.) Such allegations are sufficient, at this stage, to indicate Defendants Cartwright and Jamaludeen acted with deliberate indifference. *See Chance*, 143 F.3d at 704.

C.  **Lack of Injury**

Defendants contend that Pardee "has failed to allege any injury stemming from their alleged failure to test for Hepatitis C . . . ." (Jamaludeen & Cartwright Mem. Supp. Mot. Dismiss 4; Conmed Mem. Supp. Mot. Dismiss 4–5.) This argument lacks merit. Pardee alleges the following injuries fairly traceable to Defendants' alleged indifference: (1) the progression of Hepatitis C to the point where Pardee has sustained "irrevocable harm . . . to his liver;" (Compl. ¶ 37) and (2) months of suffering with pain and nausea. *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) ("A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010))); *see also Myers v. Dolac*, No. 09–CV–6642P, 2013 WL 5175588, at *5–6 (W.D.N.Y. Sept. 12, 2013)

(rejecting defendant's argument that degeneration associated with defendant's lack of treatment for plaintiff's Hepatitis C failed to satisfy 42 U.S.C. § 1997e(e)'s physical injury requirement);[6] *cf. McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004) ("McKenna's allegation that he was denied urgently needed treatment for a serious disease [(Hepatitis C)] because he might be released within twelve months of starting the treatment sufficiently alleges deliberate indifference to withstand a Rule 12(b)(6) motion.").

### D. Policy of Conmed

"[A] private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (citations omitted). Conmed contends that, "Plaintiff was not deprived of treatment due to some policy by Conmed, he was not receiving treatment because testing revealed that no testing was warranted." (Conmed's Mem. Supp. Mot. Dismiss 3 (citation omitted).) In support of the conclusion that no further testing was warranted, Conmed relies on the response of a jail official to Pardee's "INMATE REQUEST FORM." (*Id.* (citing Compl. Attach. D).) Conmed fails to explain why the Court can consider the content of the jail official's response in resolving its Motion to Dismiss. *See Bowman v. Johnson*, No. 3:08CV449–HEH, 2010 WL 1225693, at *4 (rejecting the notion that the Court is required to accept as true the contents of documents written by the defendant simply because the plaintiff attached the documents to the complaint (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 456 (7th Cir. 1998))). Moreover, the Complaint clearly alleges Defendants refrained from further testing or treatment of Pardee because "because of the cost and the policy of the jail/Conmed to not treat Hepatitis C." (Compl. ¶ 14.) Accordingly, the

---

[6] "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e).

Court rejects Conmed's argument that Pardee has failed to allege facts that suggest his lack of treatment was attributable to a policy of Conmed.

## VI. CONCLUSION

Defendants Motions to Dismiss (ECF Nos. 22, 27) will be DENIED. Any party wishing to file a dispositive motion, must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: 3-3-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge