IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



DANIEL T. PARDEE, JR.,

    Plaintiff,

v.    Civil Action No. 3:13CV703

CONMED HEALTHCARE MANAGEMENT, INC., *et al.*,

    Defendants.

## MEMORANDUM OPINION

Daniel T. Pardee, Jr., a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court on Pardee's failure to timely serve Dr. Carter and the Motion for Summary Judgment filed by Conmed Healthcare Management, Inc. ("Conmed"), Dr. Abdul Jamaludeen ("Dr. Jamaludeen"), and Catharine Cartwright, P.A. ("P.A. Cartwright") (collectively "Defendants"). For the reasons set forth below, the Court will DISMISS all claims against Dr. Carter and will DENY WITHOUT PREJUDICE the Motion for Summary Judgment.

### I. FAILURE TO SERVE DR. CARTER

Under Federal Rule of Civil Procedure 4(m),[2] Pardee had 120 days to serve the defendants. Here, that period commenced on July 22, 2014. More than 120 days elapsed and

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

[2] Rule 4(m) provides, in pertinent part:

Pardee had not served Dr. Carter. Accordingly, by Memorandum Order entered on March 2, 2015, the Court directed Pardee to show good cause for his failure to serve Dr. Carter. Pardee failed to respond to the March 2, 2015 Memorandum Order. Accordingly, all claims against Dr. Carter will be DISMISSED WITHOUT PREJUDICE.

## II. PARDEE'S CLAIMS

Pardee alleges Defendants failed to provide him adequate medical care while he was in the Virginia Beach City Jail. Specifically, Pardee asserts:

| | |
|---|---|
| Claim 1 | In violation of Pardee's Eighth Amendment[3] rights, Defendants failed to provide further testing or treatment after Pardee tested positive for the antibodies associated with Hepatitis C. |
| Claim 2 | Dr. Jamaludeen and P.A. Cartwright acted with deliberate indifference to Pardee's complaints of pain in his right side and abdomen, fatigue, loss of appetite, and nausea. |

By Memorandum Opinion and Order entered on March 4, 2015, the Court dismissed as moot Pardee's demands for injunctive and declaratory relief. *Pardee v. Conmed Healthcare Mgmt., Inc.*. No. 3:13CV703, 2015 WL 965950, at *3 (E.D. Va. Mar. 4, 2015).

## III. STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the

---

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

2

court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to ensure that the parties meet their respective burdens for a motion for summary judgment, Local Civil Rule 56(B) requires:

> Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed. A brief in response to such a motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute. In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

E.D. Va. Loc. Civ. R. 56(B).

Defendants, however, failed to include a specially captioned section listing all material facts as to which they assert there is no dispute. Furthermore, in arguing for summary judgment, Defendants rely largely on a document they labelled the "Affidavit of Defendant Abdul Jamaludeen, M.D." (Mot. Summ. J. Ex. 1 (capitalization corrected).) The Affidavit fails to constitute admissible evidence as it is not "'confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation.'" *Montgomery v. Ruxton Health Care, IX, LLC*, No. 3:06CV024, 2006 WL 3746145, at *2 (E.D. Va. Dec. 15, 2006) (quoting *Black's Law Dictionary* 58 (6th ed. 1990)). Furthermore, Jamaludeen did not swear to the contents of his Affidavit under penalty of perjury. Defendants have not shouldered their responsibility to adequately identify the parts of the record which demonstrate the absence of a genuine issue of material fact. The Motion for Summary Judgment (ECF No. 43) will be DENIED WITHOUT PREJUDICE. Defendants may file a new motion for summary judgment within thirty (30) days of the date of entry hereof, provided they correct the

deficiencies identified above. Defendants' Motion for Waiver of Oral Argument (ECF No. 48) with respect to the Motion for Summary Judgment will be GRANTED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 11-12-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge